UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 12-10219-NMG |
| JOVHAN SALDANA et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(a)

The United States of America, by its attorneys Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Assistant United States Attorney David J. D'Addio, and counsel for defendants in the above-captioned matter file this Joint Memorandum Pursuant to Local Rule 116.5(a) and state as follows:

1.     The government made its initial automatic discovery production pursuant to Local Rule 116.1 on August 27, 2012.[1]  As the Court is aware, this case arose from a long-term investigation that involved multiple Title III wiretaps of several defendants.  To date, the government has produced thousands of pages of discovery, recordings of thousands of intercepted telephone calls, numerous electronic exhibits (e.g., photographs, audio and video recordings, scanned paper documents), and other materials.  In addition to the wiretaps conducted in connection with this investigation, certain defendants were intercepted on wiretaps in the District of Massachusetts that were conducted in connection with other, separate investigations.  The government intends to produce today these additional intercepted telephone conversations, along with the associated wiretap applications, affidavits, and orders.[2]  The government is currently in the process of obtaining wiretap materials relating to a wiretap

---

[1] Certain wiretap materials were produced prior to that date.

[2] Additional wiretap materials from those separate investigations will be made available for inspection and copying.

conducted by law enforcement in the Dominican Republic in which multiple defendants were intercepted. As stated in the government's August 27, 2012 discovery letter to defense counsel, the government will provide those materials upon receipt. Counsel's review of materials that the government has produced to date is ongoing. At present, there are no pending discovery requests; however, counsel reserves the right to request additional discovery at a later date to be set by the Court after counsel's review of materials produced to date has progressed further. The parties intend to suggest a date for such discovery requests at the next status conference. The government understands that it has an ongoing and continuing duty to produce discovery.

2. The government continues to review its files and anticipates that additional productions, if any, will be completed within 30 days, subject to potential additional requests by defendants, as noted above.

3. As stated above, counsel reserves their right to request additional discovery at a later date to be set by the Court after counsel's review of materials produced to date has progressed further.

4. The wiretap materials produced as a part of this investigation are subject to a protective order. All wiretap materials remain under seal, although the government has received court authorization to produce these materials for discovery purposes. At this time, the parties do not believe any additional protective orders pursuant to Local Rule 116.5(a)(4) are necessary.

5. The parties believe that it is too early to establish a motions date and request that a motions date be set no earlier than at the next status conference.

6. The parties request that the government's expert disclosures, if any, be due 45 days before trial, and that the defendants' expert disclosures, if any, be due 25 days before trial.

7. The parties agree that the period from October 10, 2012, until the date on which the court sets the interim status conference, should be excluded under the Speedy Trial Act.

8.  The parties jointly and respectfully request an interim status conference in approximately 45 to 60 days, subject to the Court's availability.

                            Respectfully submitted,

| For Defendant Jovhan Saldana | For the United States |
|---|---|
| /s/ Victoria R. Kelleher<br>Victoria R. Kelleher, Esq.<br>15 Church St.<br>Salem, MA 01970 | CARMEN M. ORTIZ<br>United States Attorney<br><br>By: /s/ David J. D'Addio<br>     David J. D'Addio<br>     Assistant U.S. Attorney |
| **For Defendant Carlos Franco** | **For Defendant Fernando Martinez-Tiburcio** |
| /s/ William Keefe<br>William Keefe, Esq.<br>Law Office of William Keefe<br>801 C Tremont Street<br>Boston, MA 02118 | /s/ Mark D Smith<br>Mark D Smith, Esq.<br>Laredo & Smith, LLP<br>101 Federal Street, Suite 650<br>Boston, MA 02110 |
| **For Defendant Theodoro Lopez-Santos** | **For Defendant Gregorio Ajala Maldonado** |
| /s/ Stanley W. Norkunas<br>Stanley W. Norkunas, Esq.<br>11 Kearnay Square<br>Howe Building, Suite 202<br>Lowell, MA 01852 | /s/ Barry S. Pollack<br>Barry S. Pollack, Esq.<br>Sullivan & Worcester LLP<br>One Post Office Square<br>Boston, MA 02109 |
| **For Defendant Melvin Rosario-Soto** | **For Defendant Domingo Rodriguez** |
| /s/ Jose A. Espinosa<br>Jose A. Espinosa, Esq.<br>Espinosa & Associates<br>793 Centre Street,, 2d Floor<br>Jamaica Plain, MA 02130 | /s/ Robert M. Goldstein<br>Robert M. Goldstein<br>20 Park Plaza, Suite 1000<br>Boston, MA 02116 |

Dated:  October 10, 2012

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ David J. D'Addio*
David J. D'Addio
Assistant United States Attorney

Date:  October 11, 2012