UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
12-10219-NMG

UNITED STATES OF AMERICA

v.

CARLOS FRANCO

**MEMORANDUM AND ORDER ON
GOVERNMENT'S MOTION FOR DETENTION**

October 16, 2012

DEIN, M.J.

## I. MOTIONS RELATING TO DETENTION

The defendant was charged in a criminal complaint, and now an indictment, with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. § 846. An initial appearance was held on July 9, 2012 at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(B), (f)(1)(C), (f)(2)(A) as well as other sections, on the grounds that the defendant poses a serious danger to the community and a risk of flight. The defendant was represented by counsel.

A detention hearing was scheduled for July 26, 2012. At the outset of the hearing the defendant, through counsel, consented to the entry of an order of detention, without prejudice to his right to reopen the issue at a later date. On September 25, 2012, the defendant filed a motion for release on conditions proposing

that he be released on an unsecured bond to live with his family on an electronic monitor, among other conditions. A hearing was held on October 10, 2012, at which time, by agreement, the government proceeded by way of a proffer based on the criminal complaint, and the court heard argument from counsel. In addition, the court has reviewed the report of the defendant's interview with Pre-trial Services, which was received on October 12, 2012.

After careful consideration of the record and arguments of counsel, and for the reasons detailed herein, this court finds that the government has met its burden of proving that the defendant poses a serious risk of danger to the community and a risk of flight. Consequently, the defendant is ordered to be detained.

## II.  THE BAIL REFORM ACT

A.  Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or

combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

    B.    The government is entitled to move for detention on grounds of danger to the community in a case that –

    (1)    involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4) or a federal crime of terrorism as defined by 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed;

    (2)    involves an offense punishable by death or life imprisonment;

    (3)    involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more;

    (4)    involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act; or

    (5)    involves any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, as defined in 18 U.S.C. § 921, or any other

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 333, 336-37 (1st Cir. 1989).

dangerous weapon, or involves a failure to register as a sex offender under 18 U.S.C. § 2250.  See 18 U.S.C. § 3142(f)(1).

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  See 18 U.S.C. § 3142(f).

    C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

    (2)    the weight of the evidence against the accused;

    (3)    the history and characteristics of the person, including --

    (a)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (b)    whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state or local law; and

    (4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

D.      Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a felony within the class of offenses described in 18 U.S.C. § 3142(f)(1) as detailed above, or of a state or local offense that would have been an offense described in § 3142(f)(1) if a circumstance giving rise to federal jurisdiction had existed, (2) that prior offense was committed while the person was on release pending trial for another local, state or federal offense; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  See 18 U.S.C. § 3142(e).

Second, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act or an offense under the provisions of 18 U.S.C. § 924(c) (use of or carrying a firearm during the commission of a federal offense which is a felony), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of

terrorism transcending national boundaries); or is a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or is an offense involving a minor victim. See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). This "only imposes a burden of production on a defendant. The burden of persuasion remains with the government." United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988). Even when a defendant produces "some evidence" in rebuttal, however, the presumption does not disappear. Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors. Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416. See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III. DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." United States v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited. Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the defendant's appearance in court or the safety of the community.

### A. The Offense Charged and Weight of the Evidence

Franco is one of nine defendants charged with running a very large scale drug trafficking organization, involving the sale of heroin and cocaine. The defendants are all family members, and two of them remain fugitives. The current indictment arose from a separate wiretap investigation that resulted in the 2009 indictment of eight individuals and the seizure of approximately 54 kilograms of cocaine. Information gathered in connection with that initial investigation led to the current investigation.

The current investigation involved numerous wiretaps, including the wiretapping of Franco's phone, and the use of GPS data to track various individuals, including Franco. The investigation has led to evidence that Franco is a trusted member of the family-based DTO, responsible for delivering drugs, picking up cash payments, dealing with suppliers and laundering money. Over five kilos of heroin, as well as hundreds of thousands of dollars, have been seized during the current investigation.

In particular, but without limitation, there is evidence that after a courier was seized with in excess of $170,000, the defendants engaged in a series of calls and arranged to clear our the stash house they had been using. Franco was seen helping

to move the furniture out of the house and to deliver it to another location which subsequently was used as a stash house. Among the items transferred was a large bedroom dresser. A subsequent search of the new location resulted in the seizure of 5.5 kilograms of heroin, 200 grams of cocaine, 4.8 grams of crack cocaine, approximately $50,000 in cash and other drug distribution paraphernalia. Drugs and ledgers reflecting drug activities were found in the dresser that had been moved from the prior location. There is evidence from wiretaps and other information that the defendant Franco made some of the ledger entries.

There is also evidence from wiretaps and surveillance that Franco interacted with suppliers and was a trusted and respected member of the organization. He was not a low level courier. Many additional details can be found in the criminal complaint.

### B. History and Characteristics of the Defendant

The defendant, age 53, was born in the Dominican Republic, He is a legal permanent resident of the United States, and faces deportation if convicted of the crimes with which he has been charged. The defendant has lived in the United States for 19 years, is married and has three children. His wife and children recently moved to the United States from the Dominican Republic. The defendant also has extensive family in the Dominican Republic, including his mother and 10 brothers and sisters. He spent three weeks in the Dominican Republic in May 2012 visiting his then-ailing mother. The defendant possesses a valid passport from the Dominican Republic.

The defendant reports that he has been a self-employed house painter and home cleaner for the last three years, earning $12,000 in 2011. Before then, he lived

in NYC and was self-employed selling fruit on the streets.  His wife is employed as a store clerk in Downtown Crossing, Boston.  The government questions the defendant's contention that he is lawfully employed.  According to the government, based on the wiretaps and surveillance, the defendant did not have any legitimate sources of income during this extensive investigation.

### C.  Evaluation of Factors

The record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the safety of the community or the defendant's appearance in court.  This conclusion is supported by, but not dependent on, the presumption which applies in this case.

The potential penalties in the instant case are very serious, given the amount of drugs involved.  In addition, the evidence against the defendant at this juncture appears very strong, given the wiretap and surveillance evidence.  Based on the extent of the drug conspiracy, the participants would have the resources to flee, and given the lengthy sentences involved, they would also have the motivation to flee.  The alleged conspiracy involves family members with strong ties, and two of them are presently fugitives.  The risk of flight in the instant case is very strong, made even more so by the defendant's extensive ties to the Dominican Republic.

The defendant appears to have been engaged in a very substantial drug trafficking operation.  He continued in the business even after the government's seizure of $170,000 in cash from a courier.  The DTO's response to this seizure was to move locations.  The continuation of the business despite this setback indicates both that a

great deal of money was being made and that the defendant felt that the benefits outweighed the risks. Apparently the risk of being caught was insufficient to convince the defendant to stop engaging in the drug trafficking business. Moreover, the defendant does not seem to have been engaged in a legitimate business for a sufficient period of time for this court to conclude that he would not be involved in the drug business if released. Under these circumstances, the risk of danger to the community if the defendant is released is too great.

The defendant does not have strong ties to the United States. While he has lived here for 19 years, he has a great deal of family and contacts in the Dominican Republic. Accepting as true his description of his employment here, it does not involve sufficient stability or ties to the community to prevent him from fleeing. Given the lengthy sentence the defendant faces, the large amount of cash involved in the DTO, the fact that co-defendants are fugitives from justice, and the fact that the defendant has such strong ties to the Dominican Republic, the risk of flight is too great to warrant his release from incarceration.

With or without the presumption, the government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community, and of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance.

## IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

                                        / s / Judith Gail Dein
                                        Judith Gail Dein
                                        United States Magistrate Judge