UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 12-10219-NMG |
| JOVHAN SALDANA et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States of America, by its attorneys Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Assistant United States Attorney David J. D'Addio, respectfully submits the following interim status report in the above-captioned matter. The government circulated a draft report and has incorporated comments it received from counsel.

1. The government made its initial automatic discovery production pursuant to Local Rule 116.1 on August 27, 2012.[1] As the Court is aware, this case arose from a long-term investigation that involved multiple Title III wiretaps of several defendants. To date, the government has produced thousands of pages of discovery, recordings of thousands of intercepted telephone calls, numerous electronic exhibits (e.g., photographs, audio and video recordings, scanned paper documents), and other materials. In addition to the wiretaps conducted in connection with this investigation, certain defendants were intercepted on wiretaps in the District of Massachusetts that were conducted in connection with other, separate investigations. These additional intercepted telephone conversations, along with the associated wiretap applications, affidavits, and orders were produced in October 2011.[2] The government has obtained wiretap materials relating to a wiretap conducted by law enforcement in the

---

[1] Certain wiretap materials were produced prior to that date.

[2] Additional wiretap materials from those separate investigations are available for inspection and copying.

Dominican Republic in which certain defendants were intercepted.  The government intends to produce the wiretap recordings and associated "line sheets" (preliminary synopses/transcripts) it has received at the status conference on January 11, 2013.  Counsel's review of materials that the government has produced to date is ongoing.  Other than matters addressed in the December 20, 2012 Status Report regarding translations of intercepted calls, there are no pending discovery requests.  However, counsel reserves the right to request additional discovery at a later date to be set by the Court as described below.  The government understands that it has an ongoing and continuing duty to produce discovery.  The government further notes that Paul Murphy, Esq., was recently retained to represent defendant Melvin Rosario-Soto.  The government is working with Mr. Murphy to ensure he has all discovery materials produced to date.

2. At present, the government does not anticipate additional productions, except as noted above, and subject to potential additional requests by defendants, as noted above.

3. The government proposes that discovery requests be made within 30 days. Defendants other than Maldonado propose that discovery requests be made within 60 days. Counsel for Maldonado proposes that discovery requests be due 30 days after the translations they seek are provided.

4. The wiretap materials produced as a part of this investigation are subject to a protective order.  All wiretap materials remain under seal, although the government has received court authorization to produce these materials for discovery purposes.  At this time, the parties do not believe any additional protective orders pursuant to Local Rule 116.5(a)(4) are necessary.

5. The parties continue to believe that it is too early to establish a motions date and request that a motions date be set at the next status conference.

6. The parties request that the government's expert disclosures, if any, be due 45 days before trial, and that the defendants' expert disclosures, if any, be due 25 days before trial.

7.	At this time, no defendant has informed the government that he intends to offer a defense of insanity, public authority, or alibi. Defendants reserve their right to do so by a later date to be determined by the Court.

8.	The parties agree that the period from October January 11, 2013, until the date on which the court sets the next status conference, should be excluded under the Speedy Trial Act.

9.	The government and some of the defendants have engaged in productive discussions regarding resolution short of trial. With respect to the other defendants, it is too early to know whether a trial is likely. If this case were to go trial, depending on how many defendants went to trial, the trial would likely last 5-10 days.

10.	The parties jointly and respectfully request an interim status conference in approximately 45 days, subject to the Court's availability.

                Respectfully submitted,

                CARMEN M. ORTIZ
                UNITED STATES ATTORNEY

By:	*/s/ David J. D'Addio*
      David J. D'Addio
      Assistant U.S. Attorney

Dated: January 11, 2013

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              */s/ David J. D'Addio*
                                              David J. D'Addio
                                              Assistant United States Attorney

Date: January 11, 2013