UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 12-10219-NMG |
| JOVHAN SALDANA et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States of America, by its attorneys Carmen M. Ortiz, United States Attorney

for the District of Massachusetts, and Assistant United States Attorney David J. D'Addio,

respectfully submits the following interim status report in the above-captioned matter.  The

government circulated a draft report and has incorporated comments it received from defense

counsel.

1.       Counsel's review of discovery materials that the government has produced to date

is ongoing.  There are no pending discovery requests.  However, counsel reserves the right to

request additional discovery at a later date to be set by the Court, as described below.  The

government understands that it has an ongoing and continuing duty to produce discovery.

2.       At present, the government does not anticipate additional automatic discovery

productions pursuant to Local Rule 116.1, subject to potential additional requests by defendants,

as noted above.

3.       The government proposes that discovery requests be made within 14 days.

4.       The wiretap materials produced as a part of this investigation are subject to a

protective order.  All wiretap materials remain under seal, although the government has received

court authorization to produce these materials for discovery purposes.  At this time, the parties

do not believe any additional protective orders pursuant to Local Rule 116.5(a)(4) are necessary.

5.      The government proposes that pretrial motions under Fed. R. Crim. P. 12(b) be filed within 45 days.

6.      The Court has previously ordered that the government's expert disclosures, if any, are due 45 days before trial and that defendants' expert disclosures, if any, are due 25 days before trial.

7.      At this time, no defendant has informed the government that he intends to offer a defense of insanity, public authority, or alibi.  Defendants reserve their right to do so by a later date to be determined by the Court.  Counsel for defendant Rodriguez also states as follows:  To the extent Fed. R. Crim. P. 12.1 applies to the conspiracy count charged in this case, the government has not complied with the Rule's requirement that the government request for alibi notice state the time, date, and place of the alleged offense, and he therefore reserves the right to present an alibi defense.

8.      The parties agree that the period from May 8, 2013, until the date on which the court sets the next status conference, should be excluded under the Speedy Trial Act.

9.      Defendants Maldonado and Ramirez pled guilty on April 18, 2013.  The Court has scheduled a change of plea hearing for defendant Martinez-Tiburcio for May 9, 2013.  Defendants Franco and Lopez-Santos anticipate seeking change of plea hearings in the near future.  With respect to the defendants Saldana and Rodriguez, it is too early to know whether a trial is likely.  If this case were to go trial, depending on how many defendants went to trial and what stipulations were reached, the trial would likely last 5-10 days.

10.     The parties jointly and respectfully request an interim status conference in approximately 45 days, subject to the Court's availability.


Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY


By:     /s/ David J. D'Addio
        David J. D'Addio
        Assistant U.S. Attorney


Dated:  May 8, 2013

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


*/s/ David J. D'Addio*
David J. D'Addio
Assistant United States Attorney

Date:  May 8, 2013

4